Gaetano v 1210 Troy Schenectady Rd., LLC (2024 NY Slip Op 04760)

Gaetano v 1210 Troy Schenectady Rd., LLC

2024 NY Slip Op 04760

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-08306
2021-02784
 (Index No. 17114/15)

[*1]Frank Gaetano, respondent, 
v
1210 Troy Schenectady Road, LLC, et al., appellants, et al., defendant (and a third-party action).

Rivkin Radler LLP, Uniondale, NY (Henry M. Mascia and Cheryl F. Korman of counsel), for appellants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless, George N. Tompkins III, and Judy C. Selmeci of counsel), for appellant Starbucks Corporation.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Christopher J. Soverow, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, appeal, and the defendant Starbucks Corporation separately appeals, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated August 26, 2020, and (2) the defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, appeal from an order of the same court (Kathy G. Bergman, J.) dated March 29, 2021. The order dated August 26, 2020, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was to vacate a so-ordered stipulation of discontinuance dated June 25, 2019, restored the action, and, sua sponte, substituted Marc A. Pergament, as trustee of the estate of Frank J. Gaetano and Anna M. Gaetano, as the plaintiff. The order dated March 29, 2021, insofar as appealed from, denied that branch of the motion of the defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, which was to vacate the order dated August 26, 2020.
ORDERED that on the Court's own motion, the notices of appeal from so much of the order dated August 26, 2020, as, sua sponte, substituted Marc A. Pergament, as trustee of the estate of Frank J. Gaetano and Anna M. Gaetano, as the plaintiff are deemed to be applications for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated August 26, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 29, 2021, is affirmed insofar as appealed from; [*2]and it is further,
ORDERED that the one bill of costs is awarded to the plaintiff payable by the appellants appearing separately and filing separate briefs.
On February 10, 2015, Frank Gaetano allegedly was injured in an accident. Frank Gaetano and his wife, Anna M. Gaetano, filed for chapter 7 bankruptcy on May 15, 2015, and received a bankruptcy discharge on August 26, 2015. This action to recover damages for personal injuries was commenced on September 29, 2015.
At his deposition on September 12, 2018, Frank Gaetano admitted to filing for bankruptcy prior to the commencement of this action. Thereafter, the defendants 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, and the defendant Starbucks Corporation separately moved, inter alia, pursuant to CPLR 3025(b) for leave to amend their respective answers to assert the affirmative defense of lack of capacity to sue on the ground that this action was not included on the schedule of assets in the bankruptcy proceeding. Frank Gaetano cross-moved to stay the action pending further action in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court).
On June 10, 2019, the Bankruptcy Court determined that the bankruptcy proceeding would be reopened and a trustee appointed. The court further determined that "[t]he case will be handled solely by the Chapter 7 trustee." In an order dated June 19, 2019, the court reopened the bankruptcy proceeding and directed that a trustee would be appointed and the personal injury claim was an asset of the estate. On June 21, 2019, Marc A. Pergament was appointed trustee (hereinafter the bankruptcy trustee), and on June 25, 2019, Frank Gaetano voluntarily discontinued this action "without prejudice" by a so-ordered stipulation.
By order entered August 28, 2019, the Bankruptcy Court appointed Lipsig Shapey Manus & Moverman, P.C., as "Special Personal Injury Counsel" and directed that firm to move, within 30 days of the order, in the "pending" action to substitute the bankruptcy trustee as the plaintiff in place of Frank Gaetano. Since this action was no longer pending, on September 24, 2019, the bankruptcy trustee commenced a new personal injury action (hereinafter the 2019 action). 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, and Starbucks Corporation separately moved to dismiss the complaint in the 2019 action insofar as asserted against each of them as time-barred (see Pergament v 1210 Troy Schenectady Rd., LLC, ____ AD3d ____ [decided herewith]).
In March 2020, Frank Gaetano moved in this action, inter alia, to vacate the stipulation of discontinuance. In an order dated August 26, 2020, the Supreme Court, among other things, in effect, granted that branch of the motion, restored the action, and, sua sponte, substituted the bankruptcy trustee as the plaintiff. In an order dated March 29, 2021, the court, inter alia, denied that branch of the motion of 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, which was to vacate the order dated August 26, 2020.
New York State courts, as a matter of comity, will follow the instructions of the Bankruptcy Court to "permit substitution of the bankruptcy trustee as a plaintiff" in a pending action (Turner v Owens Funeral Home, Inc., 189 AD3d 914, 916; see Fausset v Turner Constr. Co., 177 AD3d 702). Here, however, this action was discontinued before the Bankruptcy Court could give the bankruptcy trustee his instructions. The stipulation of discontinuance was properly vacated as a matter of comity, on the ground that it conflicted with the Bankruptcy Court's instructions, and substitution was also properly made as a matter of comity.
Further, it is apparent that the stipulation of discontinuance was executed by mistake. "A unilateral mistake can be the basis for rescission if failing to rescind would result in unjust enrichment of one party at the expense of the other, and the parties can be returned to the status quo ante without prejudice" (Cox v Lehman Bros. Inc., 15 AD3d 239, 239 [citation omitted]), which is the case here.
The remaining contentions of 1210 Troy Schenectady Road, LLC, and Richard G. Rosetti, LLC, and Starbucks Corporation are without merit.
In view of the foregoing, we affirm the orders insofar as appealed from.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court